UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | | |
|---|---|---|
| REBECCA ROBERTS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 2:25-CV-00172-DCLC-CRW |
| | ) | |
| BHARAT FORGE, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court on Plaintiff Rebecca Roberts's Second Motion for Appointment of Counsel under 28 U.S.C. § 1915(e)(1) [Doc. 25]. A pro-se litigant who is proceeding *in forma pauperis*, *see* [Order, Doc. 7], Ms. Roberts alleges wrongful termination, sexual harassment, sex discrimination, and retaliation against her former employer, Defendant Bharat Forge, [Compl., Doc. 2, at 2], in violation of Title VII of the Civil Rights Act, and she now moves the Court, for a second time, to appoint counsel to represent her. She claims that she "has made exhaustive efforts to obtain counsel," but without success. [Pl.'s Mot. at 1].

Although litigants in a civil case have no constitutional right to counsel, *Shepherd v. Wellman*, 313 F.3d 963, 970 (6th Cir. 2002), two statutes empower the Court to appoint counsel to an indigent plaintiff in a case under Title VII of the Civil Rights Act. The first is 28 U.S.C. § 1915(e)(1), and the second is 42 U.S.C. § 2000e-5(f)(1). Under § 1915(e)(1), the Court "may request an attorney to represent any person unable to afford counsel," and under § 2000e-5(f)(1), "[u]pon application by the complainant and in such circumstances as the court may deem just, the court may appoint an attorney." Because the appointment of counsel in a civil case is "a privilege" and not a constitutional right, *Lavado v. Keohane*, 992 F.2d 601, 606 (6th Cir. 1993)

(citation omitted), an indigent civil litigant's request for counsel is an appeal entirely to the Court's discretion, *Martin v. Harvey*, 14 F. App'x 307, 310 (6th Cir. 2001).

Ms. Roberts, therefore, must demonstrate that exceptional circumstances warrant the appointment of counsel. *See Lanier v. Bryant*, 332 F.3d 999, 1006 (6th Cir. 2003) ("The appointment of counsel in a civil proceeding . . . is justified *only* in exceptional circumstances." (emphasis added) (citation omitted)); *Luster v. Calsonic Kanse, NA, Inc.*, No. 4:06-CV-34, 2006 WL 8442922, at *1 (E.D. Tenn. Oct. 4, 2006) ("As with 28 U.S.C. § 1915(e)(1), the courts will appoint counsel under 42 U.S.C. § 2000e-5(f)(1) only in 'exceptional circumstances.'" (citation omitted)); *see also Brubaker v. Barrett*, 801 F. Supp. 2d 743, 763 (E.D. Tenn. 2011) ("It is [the movant's] burden to show that 'exceptional circumstances' exist.").

To show that exceptional circumstances exist and warrant the appointment of counsel, she must address "the type of case and [her] abilities . . . to represent h[er]self," *Lavado*, 992 F.2d at 606 (quotation omitted), which requires the Court to consider certain factors: "the 'complexity of the factual and legal issues involved,'" "the nature of the case," and her "ability to prosecute the case in a pro se capacity," *Shavers v. Bergh*, 516 F. App'x 568, 571 (6th Cir. 2013) (quoting *id.*). The Court should also consider "the plaintiff's financial resources," "the plaintiff's efforts to obtain counsel," and "whether the plaintiff's claim has any merit." *Ana Leon T. v. Fed. Rsrv. Bank of Chi.*, 823 F.2d 928, 930 (6th Cir. 1987).

In attempting to make the necessary showing of exceptional circumstances, she asserts that this case is "not a run-of-the-mill dispute." [Pl.'s Mot. at 2]. She contends that this case, as a Title VII case, is legally and factually complex because it will necessitate "a sophisticated understanding of federal case law that a layperson does not possess," will involve "complex discovery," and "may require expert testimony." [*Id.*]. She also bemoans her lack of knowledge

2

of the Federal Rules of Civil Procedure and the Federal Rules of Evidence, the fact that her opponent is a "sophisticated corporate entity with experienced legal counsel," and that she lacks the financial means to "effectively investigate" the case. [*Id.* at 2–3].

As an initial matter, the fact that Ms. Roberts is a "layperson" who lacks "sophisticated" knowledge, or even any knowledge, of the law is not an exceptional circumstance warranting the appointment of counsel; if it were, then the Court would have to appoint counsel to pro-se litigants in every case. *See United States v. Rolon*, No. 22-10970, 2022 WL 16959204, at *1 (11th Cir. Nov. 16, 2022) ("[*P*]*ro se* status alone and lack of legal knowledge d[o] not establish that appointment of counsel is necessary. Rather, appointment of counsel in this context is 'a privilege justified only be exceptional circumstances, such as the presence of facts or legal issues so novel as to require the assistance of a trained practitioner.'" (quoting *Kilgo v. Ricks*, 983 F.2d 189, 193 (11th Cir. 1993)); *Novatne v. Elrod*, No. 3:19-cv-00821, 2020 WL 7047047, at *3 (M.D. Tenn. Dec. 1, 2020) (stating that "lack of knowledge" is a "circumstance[] common to many pro se plaintiffs, most of whom will not be appointed counsel"); *see generally Cavin v. Mich. Dep't of Corrs.*, 927 F.3d 455, 461 (6th Cir. 2019) ("It is the rare civil case in which a court must provide a party an attorney, and only 'exceptional circumstances' require deviating from this rule."). And while Ms. Roberts may not have legal training or experience, she is, as a pro-se litigant, entitled to a "liberal[] constru[ction]" of her filings, and those filings are "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation omitted).

In addition, although Ms. Roberts argues that exceptional circumstances exist because this case is a Title VII case, Title VII cases, by their nature, are not so inordinately complex as to warrant the appointment of counsel. *See Arucan v. Cambridge E. Healthcare Ctr./Sava*

*Seniorcare, LLC*, 763 F. App'x 415, 419 (6th Cir. 2019) (concluding that the district court did not abuse its discretion in finding that the pro-se plaintiff's Title VII claims, among others, did not involve highly complicated issues and did not warrant the appointment of counsel); *cf. Tate v. Hamilton Cnty. Election Comm'n*, No. 1:19-CV-00127-JRG-CHS (E.D. Tenn. Sept. 23, 2020), ECF No. 30 (requiring a plaintiff, who was unable to obtain legal representation after several months, to represent herself in an action in which she had filed claims of retaliatory discharge, failure to accommodate, and disability discrimination under the Americans with Disabilities Act).

While Ms. Roberts aims to portray this case as legally and factually complex because discovery "may require" depositions of corporate officers and the review of corporate records, [Pl.'s Mot. at 2], this type of discovery is common in Title VII cases and, by itself, does not ordinarily constitute an extraordinary circumstance warranting the appointment of counsel. *Cf. Hall v. Masters*, No. 24-11879, 2025 WL 3089921, at *1 (11th Cir. Nov. 5, 2025) ("[T]here is no requirement that a magistrate judge appoint counsel or a deposition officer to assist a pro se litigant . . . with discovery."); *Hash v. Rallos*, No. 2:17-cv-1721-TLN-AC-P, 2024 WL 966962, at *1 (E.D. Cal. Feb. 22, 2024) ("Plaintiff's contention that he is unable to depose defendants due to his indigence and pro se status is a circumstance common to most inmates and does not warrant the appointment of counsel."); *LaPine v. City of Detroit*, No. 19-13165, 2020 WL 7770891, at *1 (E.D. Mich. Dec. 30, 2020) ("Difficulties in preparing the case and conducting discovery 'are present in every prisoner civil rights case' and such difficulties are not to be considered as necessitating appointment of counsel." (quotation omitted)); *but see Colston v. Corr. Med. Servs.*, 256 F. App'x 551, 553 (3d Cir. 2007) ("[P]ro *se* prisoners' lack of experience, lack of knowledge of complex discovery rules and inability to take depositions significantly

4

impedes their ability to litigate these kinds of claims[.]" (citation omitted)). And while Title VII cases can involve expert testimony, *see* 42 U.S.C. § 2000e–5(k), expert testimony is not always necessary in these types of cases, and Ms. Roberts argues only that this case "may" require an expert, [Pl.'s Mot. at 2].

In any case, the Court cannot readily ascertain at this nascent stage in this litigation— indeed, even service of Bharat Forge has yet to be achieved—whether the discovery process is likely to be as Ms. Roberts characterizes it or whether she will need an expert to prove her case. Nor can the Court readily ascertain at this stage whether her claims will have merit. *See Henry v. City of Detroit Manpower Dep't*, 763 F.2d 757, 762 (6th Cir. 1985) ("[T]here is very little in the record upon which the district judge can . . . determine whether the claim has merit."). In short, at this early stage, the Court is without a sufficient "fact-specific" basis by which it can find that extraordinary circumstances exist to warrant the appointment of counsel. *Edwards v. Simpson*, No. 85–5944, 1987 WL 38996, at *3 (6th Cir. Nov. 19, 1987).

What the Court *can* ascertain at this stage, however, is that Ms. Roberts has more than ably represented herself to date. She has exhibited a command for and an understanding of not only this case's salient factual and legal issues but also for procedure. She has filed a complaint in which *all* of her claims have survived screening under § 1915. She has executed a summons. She has successfully moved for reconsideration under Federal Rule of Civil Procedure 59(e). And she has filed an appeal. These are no mean feats for a pro-se litigant who professes to have no prior legal experience.

For all these reasons, the Court cannot conclude—at this specific juncture in the case— that Ms. Roberts has established that extraordinary circumstances warrant the appointment of counsel. Again, in a civil case like this one, the appointment of counsel at taxpayer expense is

5

a "privilege," *Lavado*, 992 F.2d at 606, and a "rare" one at that. *Cavin*, 927 F.3d at 461. Ms. Roberts has not shown that this case is one of those rare cases—and nor can she based on the largely undeveloped record before the Court. Her Second Motion for Appointment of Counsel under 28 U.S.C. § 1915(e)(1) [Doc. 25] is therefore **DENIED**.

      **SO ORDERED:**

s/ Clifton L. Corker
United States District Judge
